UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRYANNE MOSS,<br><br>        Plaintiff,<br><br>    v.<br><br>INFINITY INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No. 15-cv-03456-JSC<br><br>**ORDER REVIEWING COMPLAINT UNDER SECTION 1915 AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 2 |

       This matter involves insurance claims arising from an automobile collision. Plaintiff Arryanne Moss ("Plaintiff"), proceeding *in forma pauperis*, filed the instant complaint against Defendants Infinity Insurance Company ("Infinity"), AWS Insurance Company ("AWS"), Lithia Chrysler, Jeep, Dodge of Santa Rosa ("Lithia"), and a number of Doe Defendants (collectively, "Defendants"). The Court previously granted Plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 6.) The Court must now review the allegations under 28 U.S.C. § 1915. Because the complaint fails to establish a basis for subject matter jurisdiction, the Court DISMISSES the complaint with leave to amend.

**COMPLAINT ALLEGATIONS**

       In July 2012, Plaintiff—whose son was then 15 years old—visited her friend Charlotte Toth ("Toth") at Lithia, the car dealership where Toth worked. There, Plaintiff entered a written contract with Lithia to purchase a 2012 Jeep liberty. Toth, who knew Plaintiff had a minor son, executed the contract on Lithia's behalf. At Toth's recommendation, Plaintiff also purchased "gap" insurance payable to AWS at $649 per month. In addition, although Toth knew that Plaintiff already had an auto insurance policy, Toth persuaded Plaintiff to purchase an automobile liability policy from Infinity. As Plaintiff did not have her credit card at the time, Toth

1  volunteered to pay the cost of the Infinity insurance policy on her own personal card until it was in
2  place. Toth did so. Lithia and Toth promised Plaintiff that the gap insurer would promptly pay
3  for any loss of the vehicle, and that Infinity would pay for any loss incurred as a result of an
4  accident involving the vehicle. Plaintiff paid all payments under the policy.

5        On September 6, 2012, Plaintiff's vehicle was involved in a traffic accident and the vehicle
6  was rendered a total loss. Plaintiff made a timely demand of payment to Infinity and AWS.
7  Infinity refused to pay, denying coverage because Plaintiff's son was not listed as an insured
8  driver on the policy. Plaintiff then asked Toth to make a claim for benefits to AWS under the gap
9  insurance policy. AWS denied her claim, as well.

10        The complaint includes seven causes of action. The first three causes of action allege that
11  Lithia, Infinity, and AWS's refusal to pay out on the insurance claims constitute breach of
12  contract. In the fourth cause of action, Plaintiff alleges that all Defendants breached the implied
13  covenant of good faith and fair dealing by failing and refusing to conduct an adequate
14  investigation before denying and withholding benefits, failing to reasonably interpret provisions of
15  her insurance policy, failing to provide a reasonable basis for denying the claims, withholding
16  valid payments, and misrepresenting facts and policies. The fifth cause of action alleges
17  negligence against all Defendants. The sixth and seventh causes of action arise under California's
18  Business & Professions Code. The Sixth cause of action is for false and misleading business
19  practices under Section 17200, and the seventh is for false and misleading advertising practices
20  under Section 17500. Plaintiff seeks damages, including compensatory, special, and punitive
21  damages.

## LEGAL STANDARD

23        The Court must dismiss an *in forma pauperis* ("IFP") complaint before service of process
24  if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28
25  U.S.C. § 1915(e)(2). The Court retains discretion over the terms of dismissal, including whether
26  to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

27        A complaint is frivolous for Section 1915 purposes where there is no subject matter
28  jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also*

United States District Court
Northern District of California

*Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking). And in any event, the Court has an independent obligation to address whether it has subject matter jurisdiction over the case. *See Valdez v Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider *sua sponte* whether [they] have subject matter jurisdiction").

Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez*, 203 F.3d at 1126-27. The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). A complaint must also comply with Rule 8, which requires the complaint to contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1).

## DISCUSSION

### I.  Lack of Subject Matter Jurisdiction

Plaintiff's complaint lacks a basis for federal subject matter jurisdiction and must be dismissed pursuant to Section 1915(e). First, the complaint contains no short and plain statement of the Court's jurisdiction, which fails to comply with Rule 8. But even apart from this requirement, the allegations and claims otherwise fail to support a basis for jurisdiction.

In most cases, original federal subject matter jurisdiction may be premised on two grounds: (1) diversity jurisdiction, or (2) federal question jurisdiction. Plaintiff's complaint alleges only state law claims and does not allege that any defendant violated her federal rights, so the only jurisdictional hook in this action can be through diversity. To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $75,000. 28 U.S.C. § 1332(a). In addition, "diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008); 28 U.S.C. § 1331. Plaintiff has not alleged facts to meet either requirement.

"Generally, the amount in controversy is determined from the face of the pleadings."

3

*Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). Here, Plaintiff has not alleged any facts from which the Court can draw a conclusion about the amount in controversy at all. Her prayer for relief seeks unpaid benefits under the insurance policy for the total loss of her car, but she does not allege a value.[1] Nor does Plaintiff assign a dollar value to the any of the other damages she seeks. While Plaintiff also seeks punitive damages, courts "scrutinize [a] claim closely" where "a claim for punitive damages makes up the bulk of the amount in controversy" as it may here. *Cason v. Cal. Check Cashin Stores*, No. No. 13-cv-03388-JCS, 2013 WL 5609329, at *3 (N.D. Cal. Oct. 11, 2013) (citations omitted). Plaintiff's complaint does not allege an amount in controversy and therefore it is not apparent that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs. The complaint therefore fails to allege diversity jurisdiction. *See, e.g.*, *White v. Lemendola*, No. CIV S-10-3303 KJM DAD PS, 2011 WL 2414420, at *2 (E.D. Cal. June 8, 2011).

Moreover, the complaint does not adequately allege complete diversity between the parties. "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case unless the defect can be corrected by amendment." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (internal quotation marks and citation omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S 77 (2010); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." ). Thus, where the plaintiff makes no allegations in the complaint regarding citizenship, the court cannot properly exercise diversity jurisdiction over the claim. *See Kanter*, 265 F.3d at 857 ("[F]ailure to specify state citizenship [is] fatal to [an] assertion of diversity jurisdiction.");

---

[1] Taking judicial notice that the original manufacturer's suggested retail price of a 2012 Jeep Liberty was $23,395, even if she seeks benefits to recoup the full value of the car at the time of purchase, this does not satisfy the $75,000 amount-in-controversy requirement. *See* 2012 Jeep Liberty, US News Best Cars, http://usnews.rankingsandreviews.com/cars-trucks/Jeep_Liberty/ (last visited Sept. 10, 2015).

4

*Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400 (9th Cir. 1990) (holding that there was no diversity jurisdiction where the plaintiff made no allegations with respect to the citizenship of the defendant). Here, rather than "affirmatively and distinctly" alleging that Infinity, AWS, and Lithia are citizens of states other than California, Plaintiff merely describes them as businesses of "unknown legal origin and form[.]" (Dkt. No. 1 ¶¶ 2-5.) This is not enough. *See Kanter*, 265 F.3d at 857; *Rilling*, 909 F.2d at 400; *see, e.g.*, *Telscape Comm'cns, Inc. v. Aspect Software, Inc.*, No. 2:10-cv-00756-JHN-PLAx, 2010 WL 1444573, at *1 (C.D. Cal. Apr. 8, 2010).

In short, because the complaint does not allege that any defendant violated Plaintiff's federal rights and does not allege facts supporting the amount in controversy or the citizenship of all relevant parties, allegations necessary to establish diversity jurisdiction, the complaint does not demonstrate a basis for federal subject matter jurisdiction and fails to survive Section 1915 review. *See, e.g.*, *Smiley v. JP Morgan Chase*, No. 14-cv-01651 NC, 2014 WL 2605434, at *2 (N.D. Cal. June 10, 2014). When a court dismisses a complaint for failure to properly allege diversity jurisdiction, leave to amend should be granted unless doing so would be futile. *See Jacobs v. Patent Enf't Fund*, 230 F.3d 565, 567-68 (9th Cir. 2000). Because it is possible that diversity jurisdiction exists in this matter, the Court will grant Plaintiff leave to file an amended complaint.

## CONCLUSION

For the reasons described above, the Complaint does not allege facts necessary to establish either diversity jurisdiction or federal question jurisdiction. The complaint is therefore fails to allege a basis for subject matter jurisdiction and must be dismissed pursuant to Section 1915(e). If Plaintiff can correct this pleading defect, she may file an amended complaint no later than October 1, 2015.

**IT IS SO ORDERED.**

Dated: September 11, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge