UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRYANNE MOSS,<br><br>    Plaintiff,<br><br>    v.<br><br>INFINITY INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 15-cv-03456-JSC<br><br>**ORDER REVIEWING THIRD AMENDED COMPLAINT AND ORDERING SERVICE BY THE MARSHALS**<br><br>Re: Dkt. No. 15 |

This matter involves insurance claims arising from an automobile collision. Plaintiff Arryanne Moss ("Plaintiff"), proceeding *in forma pauperis* ("IFP"), filed this action against Defendants Infinity Insurance Company ("Infinity"), AWS Insurance Company ("AWS"), Lithia Chrysler, Jeep, Dodge of Santa Rosa ("Lithia"), and a number of Doe Defendants (collectively, "Defendants"). The Court previously granted Plaintiff's application to proceed IFP, but, upon the review required by 28 U.S.C. § 1915(e)(2), dismissed Plaintiff's first two complaints with leave to amend, finding that they failed to establish a basis for subject matter jurisdiction. *See Moss v. Infinity Ins. Co.*, No. 15-cv-03456-JSC, 2015 WL 6095254, at *1 (N.D. Cal. Oct. 16, 2015) ("*Moss II*"); *Moss v. Infinity Ins. Co.*, No. 15-cv-03456-JSC, 2015 WL 5360294, at *1 (N.D. Cal. Sept. 11, 2015) ("*Moss I*"). Then, in its Order reviewing the Second Amended Complaint ("SAC"), the Court concluded that Plaintiff had cured the jurisdictional defects identified in her earlier pleadings, and stated a claim as to certain causes of action, but not the breach of contract causes of action against Infinity and AWS or her breach of the implied covenant of good faith and fair dealing causes of action against all Defendants. *Moss v. Infinity Ins. Co.*, No. 15-cv-03456-JSC, 2015 WL 7351395, at *6 (N.D. Cal. Nov. 20, 2015) ("*Moss III*"). Plaintiff has since filed a Third Amended Complaint ("TAC"). (Dkt. No. 15.) For the reasons discussed below, the TAC

passes Section 1915 review and must proceed to service by the Marshals.

**DISCUSSION**

The factual background of this matter was addressed in the Court's Orders dismissing the earlier complaints. *Moss II*, 2015 WL 6095254, at *1-2; *Moss I*, 2015 WL 5360294, at *1-2; *see also Moss III*, 2015 WL 7351395, at *1 (incorporating by reference the facts described in the earlier Orders). Aside from slight additions, described below, the TAC does not allege new facts that alter the substance of the claims. The Court will not reiterate the factual allegations here and instead incorporates the factual background of the earlier Orders in full.

**I.    Breach of Contract**

The elements of a breach of contract action under California law are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff as a result of the breach. *Buschman v. Anesthesia Bus. Consultants, LLC*, 42 F. Supp. 3d 1244, 1250 (N.D. Cal. 2014) (citing *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008)).

   A.    *Infinity*

In reviewing the SAC, the Court concluded that Plaintiff had alleged the first, second, and fourth elements of a contract claim by alleging that she and Infinity entered into an automobile liability insurance contract, that she made full payments on the policy, and suffered damages equal to the cost of her Jeep that she was unable to recover. *Moss*, 2015 WL 7351395, at *3. But the Court concluded that the SAC had failed to adequately allege that Infinity breached the contract and instead appeared to allege a valid contractual basis for the denial: that the policy excluded from coverage loss caused to the insured automobile when driven by a person who resides in the policy holder's household but who is not listed or endorsed on the policy prior to use. *Id.*

Now, in the TAC, Plaintiff alleges that during the initial purchase of the car, when Plaintiff signed up for insurance, Toth informed her that she did not need to list her minor children on the policy because they were minors. (Dkt. No. 15 ¶ 20.) Thus, she alleges, the policy exclusion that Infinity cited as a basis for withholding coverage does not actually apply. (*Id.* ¶ 28.) Whether this explanation is legally sufficient is an issue to be decided by the Court with the benefit of briefing

2

from all parties; accordingly, the allegations are sufficient to pass muster under Section 1915 for the claim to proceed to service without prejudice to Defendants moving to dismiss for failure to state a claim.

B.  *AWS*

The Court concluded that the breach of contract claim against AWS suffered from the same defect: failure to plausibly plead the element of breach insofar as the allegations support the inference that AWS validly denied coverage pursuant to a written policy exclusion. *Moss*, 2015 WL 7351395, at *4. The claim against AWS has been adequately amended for the purposes of Section 1915 review for the same reason as the claim against Infinity: Toth informed Plaintiff that there was no need to list her minor children on the policy, therefore the policy exclusion did not apply, so Infinity should have covered the loss and AWS should have covered any gap between what Infinity paid and the value of the car. This claim may now proceed to service without prejudice to Defendants moving to dismiss for failure to state a claim.

## II.     Breach of the Implied Covenant of Good Faith and Fair Dealing

The Court concluded that Plaintiff had not pled a bad faith claim against Infinity or AWS because the SAC did not plausibly allege that either Infinity or AWS actually owed Plaintiff benefits under the contract and instead the allegations alleged that the terms of her written contract excluded from coverage the particular situation for which Plaintiff sought benefits. *Moss*, 2015 WL 7351395, at *5. Now, for the same reasons described above, because in the TAC Plaintiff has alleged that the written exclusion on which Infinity and AWS relied does not apply to the scenario for which Plaintiff sought coverage, her bad faith claim against Infinity and AWS may proceed to service, but Defendants may move to dismiss this cause of action for failure to state a claim.

The Court had also concluded that Plaintiff had not pled a plausible bad faith claim against Lithia and Toth, which was an identical claim to the ones against Infinity and AWS. The Court noted that the allegations and the written contract at issue, on which the bad faith claim against Lithia and Toth was based, did not contain any terms requiring Lithia or Toth to investigate, determine, or provide insurance benefits in the event of a collision. *Moss*, 2015 WL 7351395, at *5. Nor did the SAC contain any facts that demonstrated how Lithia or Toth frustrated the terms

3

of that written agreement. *Id.*

Now, in the TAC, Plaintiff has reframed the bad faith claim against Lithia and Toth slightly: instead of basing it on the same written insurance contract, Plaintiff contends that the bad faith claim against Lithia and Toth arises out of their oral agreement to assist Plaintiff in securing the proceeds of the insurance policies. (Dkt. No. 15 ¶ 75.) The alleged bad faith breach, however, is still identical to those alleged against Infinity and AWS. Specifically, Plaintiff alleges that Lithia and Toth breached the implied covenant by, among other things, failing and refusing to adequately investigate before denying Plaintiff's benefits, refusing to reasonably interpret the provisions of her policy, failing to provide a reasonable basis for denying her claim, withholding payments knowing her claim was valid, misrepresenting the policy provisions. (*Id.* ¶ 76.) But the claim against Lithia and Toth still fails because the implied covenant "cannot be extended to create obligations not contemplated in the contract." *Racine & Laramie, Ltd. v. Cal. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031-32 (1992). The TAC does not allege that Lithia and Toth actually owed Plaintiff the benefits, so it is not plausible that Lithia or Toth could act in bad faith to actually withhold the payments or to decline to provide a basis for the denial, since the TAC does not allege that the denial was not theirs to give, to give just two examples. Accordingly, the TAC does not plausibly allege that Lithia or Toth breached the implied covenant associated with their oral agreement to assist Plaintiff in obtaining benefits. This cause of action therefore may not proceed to service.

## CONCLUSION

For the reasons explained above and in the Court's Order reviewing the SAC, the TAC appears to state a claim upon which relief can be granted as to most of the causes of action, and therefore passes Section 1915 review. The seventh cause of action, which alleges breach of the implied covenant of good faith and fair dealing against Lithia and Toth, is dismissed without leave to amend. The Clerk of Court shall issue the summons. Further, the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the TAC, any amendments or attachments, and this Order upon Defendants. The Court's decision to allow the TAC to proceed to service is without prejudice to Defendants moving to dismiss for failure to state

a claim.

**IT IS SO ORDERED.**

Dated:  December 7, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge