UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRYANNE MOSS,<br><br>       Plaintiff,<br><br>   v.<br><br>INFINITY INSURANCE COMPANY, et al.,<br><br>       Defendants. | Case No. 15-cv-03456-JSC<br><br>**ORDER GRANTING LIMITED JURISDICTIONAL DISCOVERY**<br><br>Re: Dkt. No. 82 |

This matter involves insurance claims arising from an automobile collision.  Plaintiff Arryanne Moss brings this action against Defendants Infinity Insurance Company, Automobile Warranty Services, Inc., Lithia Chrysler Jeep Dodge of Santa Rosa, Insurance Answer Center, Inc. ("IAC"), and Charlotte Toth.  The Court previously reviewed multiple iterations of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and ultimately concluded that the Third Amended Complaint was sufficiently pled to proceed to service. (Dkt. No. 14.)  Before that, the Court reviewed the Second Amended Complaint ("SAC") and determined that Plaintiff had adequately pled for the purposes of Section 1915 review subject matter jurisdiction based on diversity of citizenship.  (Dkt. No. 12 ("Section 1915 Order").)  Now pending before the Court are Lithia and Toth's motion to dismiss the Fourth Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6), Infinity's motion to strike, and IAC's motion to dismiss pursuant to Rule 12(b)(1). (Dkt. Nos. 71, 70, 73, 82.)  Infinity, Lithia, and Toth have all joined IAC's motion. (Dkt. Nos. 85, 86.)

## BACKGROUND

IAC contends that Plaintiff has failed to meet her burden to establish subject matter jurisdiction based on diversity of citizenship in the FAC, and in particular that the FAC fails to

United States District Court
Northern District of California

allege complete diversity.  In her opposition, Plaintiff relied solely on the Court's Section 1915

Order as authority demonstrating that diversity of citizenship is adequately pled. (Dkt. No. 87 at

3.)  In its reply, IAC submitted for the first time a Request for Judicial Notice asking the Court to

consider evidence related to Plaintiff's state of citizenship.  (Dkt. No. 88; *see* Dkt. No. 89 at 3.)

Given Plaintiff's misunderstanding and that new evidence, the Court permitted Plaintiff to file a

supplemental opposition addressing the merits of IAC's argument without reliance on the Court's

Section 1915 Order as authority.[1]  (Dkt. No. 96 at 3.)  Plaintiff has since filed a supplemental

opposition and IAC a supplemental reply.  (Dkt. Nos. 98, 100.)

## LEGAL STANDARD

"Federal courts being courts of limited jurisdiction, the presumption is that it is without

jurisdiction unless the contrary affirmatively appears." *Fifty Assoc. v. Prudential Ins. Co. of Am.*,

446 F.2d 1187, 1190 (9th Cir. 1970).  To properly allege diversity jurisdiction, there must be

complete diversity—*i.e.*, each defendant must be a citizen of a different state from each plaintiff.

*Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008); 28

U.S.C. § 1331.  The party asserting diversity jurisdiction bears the burden of proof.  *Resnik v. La

Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961).  For the purposes of diversity jurisdiction, a

person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is

filed.  *Lew v. Moss*, 797 F.2d 747, 750 (1986) (citation omitted).  "[A] person is 'domiciled' in a

location where he or she has established a fixed habitation or abode in a particular place, and

[intends] to remain there permanently or indefinitely."  *Id.* at 749-50 (citations omitted); *see also*

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  The determination of an

individual's domicile involves a number of factors including "current residence, voting

registration and voting practices, location of personal and real property, location of brokerage and

---

[1] Before the Court issued its order permitting supplemental briefing, Plaintiff had filed a sur-reply.
(Dkt. No. 92.)  Plaintiff's sur-reply was procedurally improper: Plaintiff has no right to file a sur-
reply under the Local Rules or the Federal Rules of Civil Procedure, or the Court's Standing Order
and Plaintiff did not obtain leave of court to file a sur-reply.  *See* N.D. Cal. Civ. L.R. 7-3(d)
("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior
Court approval[.]").  Because the sur-reply was unauthorized, the Court did not rely on it in
issuing its Order for supplemental briefing and does not rely on it here.

1    bank accounts, location of spouse and family . . . driver's license and automobile registration, and

2    payment of taxes." *Lew*, 797 F.2d at 749.

3           A Rule 12(b)(1) jurisdictional attack may be facial or factual.  *White v. Lee*, 227 F.3d 1214,

4    1242 (9th Cir. 2000) (citation omitted).  "In a facial attack, the challenger asserts that the

5    allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.

6    By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by

7    themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373

8    F.3d 1035, 1039 (9th Cir. 2004).  In resolving a factual attack on jurisdiction, the court may

9    review evidence beyond the complaint without converting the motion to dismiss into a motion for

10   summary judgment.  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir.

11   2003) (citing *White*, 227 F.3d at 1242).  "Once the moving party has converted the motion to

12   dismiss into a factual motion by presenting affidavits or other evidence properly brought before

13   the court, the party opposing the motion must furnish affidavits or other evidence necessary to

14   satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2.  The

15   court need not presume the truthfulness of the plaintiff's allegations.  *White*, 227 F.3d at 1242.

16                                        **DISCUSSION**

17           To prove that the Court has diversity jurisdiction Plaintiff must establish that she was

18   domiciled in a state other than California at the time she filed the initial complaint. *Lew v. Moss*,

19   797 F.2d 747, 750 (1986) (citation omitted).  In the initial complaint Plaintiff alleged that she

20   resided in California and did not include any allegations about citizenship.  (Dkt. No. 1 ¶ 1

21   (alleging that she resides in Sonoma County, California).)[2]  In the First Amended Complaint, after

22   the Court identified deficiencies in the jurisdictional allegations due to lack of complete diversity

23   (*see* Dkt. No. 7 at 4), Plaintiff alleged that she "at all times reside[d] in Sonoma County,

24   California" but elsewhere alleged that she was a "citizen and resident of the State of Washington."

25   (Dkt. No. 9 ¶¶ 1, 7).)  In the Second, Third, and Fourth Amended Complaints Plaintiff has

---

[2] IAC has filed a request for judicial notice of a number of documents.  The first eight documents are iterations of Plaintiff's complaint and the Court's Orders reviewing those complaints.  (*See* Dkt. No. 88 at 2.)  As these documents are all part of the Court's own docket in this matter, a formal request for judicial notice is unnecessary.

United States District Court
Northern District of California

1    consistently alleged that she "is a citizen and resident of the State of Washington, and was an

2    individual residing in the County of Sonoma, California." (Dkt. No. 13 ¶¶ 1, 7 (emphasis

3    omitted); Dkt. No. 15 ¶¶ 1, 7; Dkt. No. 71 ¶¶ 1, 7).)  The amended complaints do not state when

4    Plaintiff stopped being a citizen of California—namely, whether she became a Washington citizen

5    and resident before or after initiating this action.  The Court need not accept as true Plaintiff's

6    current allegation of Washington citizenship, *see White*, 227 F.3d at 1242, and the conflict among

7    the pleadings casts it into doubt.

8         IAC asks the Court to judicially notice a number of other documents that it argues reflect

9    long-term ties to California instead of Washington.  First, IAC offers a copy of Plaintiff's

10   residential lease agreement in Washington, which was a short term lease running from June 1,

11   2015 to November 30, 2015 and continuing on a month-to-month basis thereafter.  (Dkt. No. 88-

12   8.)  While a particular lease may not be subject to judicial notice—the better practice would have

13   been for the documents to be attached to a declaration filed in support of IAC's motion—the Court

14   will consider the lease for the purposes of the motion, especially given that Plaintiff does not

15   object to its consideration.  The short-term nature of the lease suggests that Plaintiff did not intend

16   to remain in Washington indefinitely.

17        IAC next offers a printout from the California Department of Consumer Affairs website

18   showing a current vocational nursing license for Plaintiff through 2017.  (Dkt. No. 88-1; Dkt. No.

19   93 at 3.)  Plaintiff objects to the Court's consideration of this document but never contends that it

20   is inaccurate in any way; to the contrary, she concedes that it shows that Plaintiff has a California

21   nursing license.  (*See* Dkt. No. 93 at 3.)  She merely objects to the Court making "any other

22   deduction from this document[.]"  (*Id.*)  The Court will consider the document inasmuch as it

23   demonstrates that Plaintiff has a current California nursing license.  Her nursing license leads to an

24   inference that, at least at the time she applied for the license, Plaintiff intended to stay in

25   California, but this inference could easily be rebutted by evidence of her attempts to become a

26   licensed registered nurse in Washington state.

27        IAC next submits printouts from the Washington State Department of Health Provider

28   Credential Search showing no nursing license—either temporary or permanent—for Plaintiff in

United States District Court
Northern District of California

1    that state. (Dkt. Nos. 88-2, 88-3, 88-4.)  While the Court may take judicial notice of "records and

2    reports of administrative bodies" like state departments of consumer affairs or health, *see Mack*,

3    798 F.2d at 1282 (citation omitted); *see, e.g.*, *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956,

4    965 (C.D. Cal. June 2005) (taking judicial notice of opinion of the California Department of

5    Insurance), the Court declines to judicially notice these two documents because IAC misspelled

6    Plaintiff's name in the search field.  Plaintiff did not object to these documents on any grounds

7    other than the misspelling.  Consequently, the Court conducted its own search using the proper

8    spelling of Plaintiff's name and there were no responsive records.  The Court therefore takes

9    judicial notice that Washington state has no record of a nursing license—either a Licensed

10   Practical Nurse or Licensed Practical Nurse Temporary Practice Permit—for Plaintiff.[3]

11        IAC also asks the Court to judicially notice records of Plaintiff's prior address from

12   WestLaw's People Finder service, which show Plaintiff's last known addresses in California

13   according to credit reporting agencies Trans Union and Experian.  (Dkt. Nos. 88-5, 88-6.)  *See*

14   *Wible*, 375 F. Supp. 2d at 965 (taking judicial notice of web pages).  Plaintiff objects to these

15   documents on the grounds that they do not meet the qualifications for judicial notice and they

16   conflict with her written lease.  (Dkt. No. 93 at 4.)  But Plaintiff has not contested the accuracy of

17   the documents.  Over Plaintiff's objection, the Court will consider the records solely for the

18   purpose of recognizing that two credit reporting agencies have California addresses on file as

19   Plaintiff's last known address.

20        Next, IAC asks the Court to take judicial notice of a screenshot of Plaintiff's son's

21   Facebook page dated October 28, 2016, stating that he lives in California.  (Dkt. No. 88-7.)

22   Plaintiff does not contend that this information is inaccurate—that is, that Plaintiff's son does not

23   actually reside in California.  Instead, she argues that the Court should not judicially notice the

24   Facebook page because it "has no bearing on where Plaintiff resides."  (Dkt. No. 93 at 4.)  But the

25

26   _____

27   [3] IAC also submits an allnurses.com webpage explaining that that a licensed vocational nurse in
     California is the same as a licensed practical nurse in Washington state. (Dkt. No. 88-4.)  Plaintiff
     objects on the grounds that IAC has not provided any information for the Court to assess the

28   veracity of the documents or its contents. (Dkt. No. 93 at 3-4.)  The Court agrees, and will neither
     judicially notice nor consider the allnurses website.

5

1  residence of a Plaintiff's family member is part of the domicile consideration.  *See Lew*, 797 F.2d

2  at 749.  Accordingly, the Court takes judicial notice that Plaintiff's son lists his residence in

3  California as of October 2016.

4        Taken together, the record suggests that Plaintiff is domiciled in California: she has a

5  current nursing license in California and not in Washington state, her minor son apparently lives

6  here, and she initially alleged that she was a citizen of this state.  The burden thus shifts to Plaintiff

7  to submit affidavits or other evidence necessary to satisfy her burden of establishing domicile

8  outside of California.  *Savage*, 343 F.3d at 1039 n.2.

9        Plaintiff has submitted a declaration in which she avers that she moved to Washington

10  state on May 28, 2015 and has lived there continuously since that date and intends to remain there.

11  (Dkt. No. 99 ¶ 2.)  She avers that she entered the short-term lease agreement because she wanted

12  to be able to move to better accommodations after arriving.  (*Id.* ¶ 3.)  Plaintiff states that she has a

13  driver's license, vehicle registration, medical insurance coverage, and a bank account in

14  Washington, but she does not aver when she applied for or obtained these documents or accounts.

15  (*Id.* ¶¶ 4-7.)  Plaintiff also states that she worked in Washington at the end of 2015, received W-2

16  forms at her Washington home address, and paid Washington State income tax in 2015.  (*Id.* ¶ 8.)

17        The documents that Plaintiff has submitted in support of her declaration mostly belie her

18  contention that she was domiciled in Washington state at the time she initiated this action.

19  Plaintiff's state medical insurance coverage card states that it became effective in October 2015.

20  (Dkt. No. 99-1 at 2.)  Her state medical services card and driver's license were not issued until

21  September 2016.  (*Id.* at 2.)  Plaintiff did not apply for and obtain the vehicle title and registration

22  certificate until October 2016.  (*Id.* at 1.)  In connection with its supplemental reply, IAC asks the

23  Court to take judicial notice of the Washington State Department of Licensing's webpage

24  describing requirements for obtaining a driver's license and car registration in the state.  (Dkt.

25  Nos. 100, 101-1.)  The Court grants the request as the information is easily verifiable and Plaintiff

26  does not object to the Court's consideration of the webpage or contend that it is in any way

27  inaccurate.  Washington state requires individuals to apply for a driver's license and register their

28  cars within 30 days of moving to the state.  (Dkt. No. 101-1.)  Plaintiff did not do so until October

2016, which suggests that she had no intent to stay in Washington until the fall of 2016.

Plaintiff also attached a copy of a bank card effective through October 2019. (Dkt. No. 99-1.) But the card does not include any information about Washington or indicate when she created the account, so it does not help her case. Next, Plaintiff's W-2s list a Washington address and indicates that she worked in the state for part of 2015—she made $3,647.52 at one employer and $247.50 with another. (*Id.*) The amounts imply that Plaintiff did not work either job for very long, and the documents do not include any information to indicate that she worked there as of July 2015. (*See id.*) Finally, while they show that Plaintiff received W-2s from a Washington state employer, Plaintiff has not submitted her tax returns for 2015 indicating where she actually filed taxes, which is the relevant inquiry in determining domicile. *See Lew*, 797 F.2d at 749.

At bottom, Plaintiff never avers that she was domiciled in, or had moved with the intent to stay in, Washington state as of July 25, 2015 when she initiated this action. Her declaration only states that she moved there in May 2015 and now intends to remain there, and the Court need not accept this statement as true. *White*, 227 F.3d at 1242. The lion's share of her supporting documents suggest that Plaintiff may be domiciled in Washington state as of September or October 2016, but that falls short of her burden of establishing domicile there of July 2015. *See Savage*, 343 F.3d at 1039 n2. The only document that supports Plaintiff's presence in Washington state at that time is her residential lease, but its short-term nature leaves open the question of whether she intended to remain there indefinitely.

In the exercise of its discretion, the Court orders limited jurisdictional discovery. Discovery is necessary in connection with a factual attack on subject matter jurisdiction "if it is possible that the plaintiff can demonstrate the requisite jurisdictional facts if afforded that opportunity." *St. Clair*, 880 F.2d at 202. Jurisdictional discovery shall be limited to facts relevant to Plaintiff's domicile, including but not limited to her then-current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, driver's license and automobile registration, and payment of taxes, during the time period up to the filing of the initial complaint. *See Lew*, 797 F.2d at 749. In addition to written discovery on these topics, IAC is entitled to take Plaintiff's deposition.

7

**CONCLUSION**

For the reasons described above, the Court orders limited jurisdictional discovery to commence the date of this Order and to be completed by January 12, 2017. Following this limited discovery period, the parties shall file further supplemental submissions addressing subject matter jurisdiction. Plaintiff shall file a supplemental submission addressing her deposition testimony and submitting any other documentary evidence of domicile by January 19, 2017. IAC shall file a supplemental reply by January 26, 2017. An evidentiary hearing, if necessary, is scheduled for February 2, 2017. If the Court concludes that an evidentiary hearing is unnecessary, the matter will be deemed fully submitted once the Court receives the parties' supplemental submissions.

As to the remaining motions to dismiss for failure to state a claim, the Court will re-schedule oral argument and set a case management conference, if necessary, once it resolves the subject matter jurisdiction question, as absent jurisdiction the Court has no authority to address the substance of Plaintiff's claims.

**IT IS SO ORDERED.**

Dated: December 9, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge